IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE WILLIAMS,

                                        OPINION AND ORDER

          Plaintiff,

                                          19-cv-628-bbc

    v.

MICHAEL HUEBSCH, DAVID ERWIN,
MITCHELL STEINGRABER, JOHN BALLARD,
BOB SLOEY and LISA KAUFMAN,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Williams, who is represented by counsel, filed this lawsuit under 42 U.S.C. § 1983, alleging that the former Secretary of the Department of Administration and several capitol police officers violated his constitutional rights while he was participating in the "Solidarity Sing Along" at the state capitol in 2013. Before the court is defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss as untimely plaintiff's claims that are based on conduct that occurred outside the six-year statute of limitations period for § 1983 actions. Dkt. #5. Plaintiff has not opposed the motion. For the reasons set out below, I am granting defendants' motion to dismiss plaintiff's claims based on conduct that occurred before August 1, 2013, as barred by the applicable statute of limitations.

      In resolving a motion to dismiss, the court must take all well-pled facts in the complaint as true and draw all reasonable inferences in favor of plaintiff. Reger Development, LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff Willie Williams is a United States Army veteran who served in Vietnam. At all times relevant to the complaint, defendant Michael Huebsch was Secretary of the Department of Administration and defendants David Erwin, Mitch Steingraber, Bob W. Sloey, John Ballard and Lisa Kaufman were employed by the Wisconsin State Capitol Police Department.

In February 2011, protests occurred in Madison, Wisconsin concerning legislation known as Act 10. Among the protestors were those participating in the "Solidarity Sing Along," who sang protest songs in the capitol rotunda and on the outside steps. In December 2011, the Department of Administration issued a revised capitol access policy, requiring permits for groups of four or more gathering in the rotunda. The policy was not enforced, and the- along continued without a permit application. However, when defendant Erwin became chief of the capitol police in July 2012, he announced that he would clamp down on protestors.

Over 125 citations were issued to approximately 40 individuals between September 2012 and January of 2013. Following a legal challenge to its administrative rules, the Department of Administration declared that an emergency existed which required the adoption of revised rules. On March 15, 2013, Governor Walker approved a scope statement for the revised rules, and the new rules took effect on April 14, 2013. On July 8,

2013, Judge William Conley enjoined the enforcement of the new rules against groups of twenty or less.

Beginning on July 24, 2013, Erwin began a policy of handcuffing, detaining and arresting anyone associated with the sing-along. After stating that more than 20 people were present, the police played a pre-recorded announcement stating that an unlawful assembly was being declared and anyone who did not disperse could be arrested.

On July 30, 2013, plaintiff attended the sing-along, holding a handmade sign. Plaintiff did not have a permit. He was arrested without a warrant, handcuffed by defendant Steingraber and issued a citation.

Plaintiff joined the sing-along again on August 1, 2013. He was approached by defendants Ballard, Steingraber, Sloey and Kaufman and handcuffed for not having a permit. Plaintiff did not resist arrest, but defendants Steingraber and Ballard pushed him down a hallway toward a staircase. Plaintiff's leg gave way, causing him to fall while his arms were held by officers. He remained in handcuffs until he was taken by ambulance to a local hospital. Plaintiff was issued a citation for the incident.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

3

570 (2007)). "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011) (citations omitted). See also Chicago Building Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 614 (7th Cir. 2014) (dismissal appropriate when complaint plainly reveals action is untimely under governing statute of limitations).

With respect to both the July 30 and August 1, 2013 incidents, plaintiff alleges Fourth Amendment false arrest and excessive force claims and First Amendment retaliation claims against the officers who arrested him. He also alleges that defendants Huebsch and Erwin implemented a policy of detaining, processing and handcuffing protestors to deter and punish them for exercising their First Amendment rights. Defendants contend that any request for relief related to the incident on July 30, 2013 and the policies implemented by Huebsch and Erwin in 2012, April 14, 2013 and July 24, 2013 are time barred. Plaintiff did not respond to defendants' arguments or provide any information about the dates of accrual for any of his claims.

For § 1983 claims, federal courts borrow the statute of limitations governing personal injury actions in the state where the injury took place. Wallace v. Kato, 549 U.S. 384, 387 (2007). At the time of plaintiff's arrests in 2013, Wisconsin had a six-year personal injury statute of limitations. Wis. Stat. § 893.53 (vers. eff. Jul. 1, 1980 to Apr. 4, 2018); Cannon v. Newport, 850 F.3d 303, 305-06 (7th Cir. 2017); Gray v. Lacke, 885 F.2d 399, 408-09

(7th Cir. 1989). Because plaintiff filed his complaint on August 1, 2019, he can bring § 1983 claims based only on conduct that occurred on or after August 1, 2013.

ORDER

IT IS ORDERED that the motion filed by Michael Huebsch, David Erwin, Mitchell Steingraber, John Ballard, Bob Sloey, and Lisa Kaufman, for partial dismissal, dkt. #5, is GRANTED. Plaintiff Willie Williams's claims based on conduct that occurred before August 1, 2013, are DISMISSED as time-barred.

Entered this 7th day of January, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge